**Manual PEINADO, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. C–87–0075–WWS.**

United States District Court, N.D. California.

June 23, 1987.

Montie S. Day, Day Law Corp., Oakland, Cal., for plaintiff.

Jay R. Weill, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SCHWARZER, District Judge.

This is an action for damages against the United States pursuant to 26 U.S.C. § 7431(a)(1). The plaintiff claims that damages should be awarded him because the United States Attorney's Office issued two press releases; one announcing that the plaintiff had plead guilty on January 27, 1986 to two counts of income tax evasion in *United States v. Manual Peinado*, CR–85–0302–TEH; and a second one when the plaintiff was sentenced in that criminal case on March 3, 1986. Plaintiff claims these two press releases violated the disclosure provisions of § 6103 since they allegedly disclosed return or return information about plaintiff.

The plaintiff Manual J. Peinado was indicted on April 3, 1985 in this district court for two counts of tax evasion and two counts of preparing false federal income tax returns. The trial of this matter occurred in October 1985. The defendant took the stand in his own defense. The trial ended in a mistrial.

On January 27, 1986 the defendant plead guilty in the criminal case to two counts of tax evasion. After the plea was taken, the

954

U.S. Attorney's Office issued a press release announcing the plea. The defendant was sentenced on March 3, 1986. On that same day the U.S. Attorney's Office issued a press release announcing the imposition of sentence. Plaintiff claims that the United States cannot issue press releases announcing what has occurred in court proceedings in criminal tax cases without violating § 6103. Accordingly, he seeks damages under § 7431.

Section 7431 authorizes civil actions against the United States "if any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103...." § 7431(a)(1) No liability shall arise under this section with respect to any disclosure which results from a good faith, but erroneous interpretation of § 6103. § 7431(b). Plaintiff's claim for damages under § 7431(a) fails because a violation of § 6103, *i.e.*, an unauthorized disclosure of return or return information, must occur before damages can be awarded under § 7431(c). There has been no violation of § 6103. The information "disclosed" in the press releases at issue were, in fact, a restatement of the allegations in the indictment or what occurred in open court during the trial or at either the hearing on the plea or sentencing of the plaintiff.

It was not the intent of Congress in enacting § 6103 to penalize the government for issuing a press release repeating information that is already a matter of public record. A press release that simply announces or broadcasts what is already known from court proceedings is not a disclosure as that term is defined in § 6103. Moreover, in view of the prior ruling of Judge Peckham in *United Energy Corp. v. United States*, 622 F.Supp. 43 (D.C.Cal. 1985), the government acted in good faith in issuing the press releases at issue here.

In accordance with the foregoing, it is hereby Ordered that:

(1) Defendant's cross-motion for summary judgment is Granted;

(2) Plaintiff's motion for partial summary judgment is Denied.